(No. 95-CV-0137—)

*In re* APPLICATION OF CARMEN MELENDEZ

*Order filed December 6, 1994.*
*Order filed July 9, 1996.*

CARMEN MELENDEZ, *pro se*, for Claimant.

ROLAND W. BURRIS and JIM RYAN, Attorneys General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on November 2, 1992. Carmen Melendez, mother of the deceased victim, Juan A. Melendez, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on July 19, 1994, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on November 2, 1992, the victim was shot by an offender who was known to him. The incident occurred at 3049 West Belden, Chicago, Illinois. Police investigation revealed that the victim and his companion, both known members of a street gang, went to this area to confront members of a rival street gang over a previous fight between their gangs. A verbal altercation ensued between the members of the opposing gangs. During this

dispute, the offender, a member of the rival street gang, approached the group, produced a handgun and shot the victim and his companion. The offender was apprehended, prosecuted and convicted of first degree murder.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim and the offender were members of opposing street gangs. This incident occurred as a result of their gang affiliation, gang rivalry and face to face provocation.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

SOMMER, C.J.

By an order dated December 6, 1994, this Court denied the claim of Ms. Carmen Melendez for funeral benefits under the Crime Victims Compensation Act for the death of her son, Juan. Ms. Melendez requested a hearing, and a hearing was held by Commissioner Griffin

on December 18, 1995. Additionally, the Claimant appeared before Commissioner Kane on March 11, 1996, subsequent to Commissioner Griffin's retirement. At that time, Ms. Melendez was allowed to supplement her testimony with any documents she felt were relevant to the issue.

By our previous order, this Court denied an award to the Claimant because the victim's actions contributed to his death: specifically, his involvement in a street gang. While Ms. Melendez maintains that the shooting of her son was a random isolated incident which was not the by-product of rival gangs, she admits that her son was, in fact, a member of a street gang; and the witnesses interviewed by the police confirmed this fact.

Ms. Melendez lost her son in the cycle of violence which is self-perpetuating in the city of Chicago. Both her son and the other young man who was shot, had gone to the location of the shooting to discuss a previous gang fight with members of an opposing gang. It was during this discussion which became heated that Juan Melendez was shot to death by a member of the other gang. The victim was a member of a street gang, and it was his participation in gang activities which led to his death. Thus, the victim's conduct contributed to his death to such an extent as to warrant denial of this claim.

It is therefore ordered that the order of this Court dated December 6, 1994, is affirmed and this claim is dismissed.